24-1904-cr
*U.S. v. Lockhart*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand and twenty-six.

PRESENT:
>	BARRINGTON D. PARKER,
>	SUSAN L. CARNEY,
>	BETH ROBINSON,
>		*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

>	*Appellee*,

>	v.						No. 24-1904-cr

MICHAEL LOCKHART, AKA Mikey Rtn,

>	*Defendant-Appellant*,

LUIS GARCIA, AKA Ebk Lou, HENRY FLOY, AKA Mills, SHAKALE BRANTLEY, AKA Charlie Wilson,

AKA Kellz, AKA Man Man, ANTOINE SISTRUCK, TA'RON PHARR, AKA 250, JAYLEN WILSON, AKA Jay-Dot, TYIESE WARREN, AKA Loose Screw, AKA LS KG, AMIRE NEWSOME, AKA Mire, ZIARE DEDRICK, AKA Zi, AKA Zi Hb, JOSHUA GILBERT, AKA Lor Heavy, LORENZO CARTER, AKA Zo, JAUWAN EDWARDS, AKA Yaya, JAHAZ LANGSTON, AKA Haz, JAMAR TRAYLOR, AKA J Hop, AKA Jamar Terell Traylor,

*Defendants.*

_____

| | |
|---|---|
| FOR APPELLEE: | Karen L. Peck, Elena Lalli Coronado, Assistant United States Attorneys, *for* David X. Sullivan, United States Attorney for the District of Connecticut, New Haven, CT. |
| FOR DEFENDANT-APPELLANT: | Joseph P. Brown, Law Offices of Pat Brown, Avon, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Dooley, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on July 2, 2024, is **AFFIRMED**.

Defendant-Appellant Michael Lockhart pled guilty to conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846 and

841(a)(1), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was sentenced to 108 months' (nine years') imprisonment. On appeal, Lockhart contends his above-Guidelines sentence is substantively unreasonable on the ground that it exceeds the Guidelines range and the district court judge put impermissible weight on the violence of alleged fellow members of the O.N.E. gang while acknowledging that there were no findings that Lockhart himself was "involved in any particular acts of violence." App'x 133. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

We review a sentence for substantive reasonableness under "a particularly deferential form of abuse-of-discretion review." *United States v. Davis*, 82 F.4th 190, 195–96 (2d Cir. 2023).[1] In our review, we consider the length of the sentence in light of the statutory sentencing factors in 18 U.S.C. § 3553(a). *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008). Our deference to the district court's assessment "derives from a respect for the distinct institutional advantages that district courts enjoy over their appellate counterparts in making an individualized

---

[1] In quotations from caselaw, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

assessment of sentence under 18 U.S.C. § 3553(a)." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (citing *Gall v. United States*, 552 U.S. 38, 50, 51–52 (2007)). "We will . . . set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).

Lockhart first argues that the district court substantively erred by sentencing him to a period of confinement of 108 months (nine years), which was 31 months in excess of the top of the applicable Sentencing Guidelines range. We disagree.

There is no "presumption of unreasonableness . . . applied to sentences outside applicable Guidelines ranges." *Verkhoglyad*, 516 F.3d at 136 (citing *Gall*, 552 U.S. at 50). While a reviewing court can consider the reasons for an upward variance in assessing reasonableness, it "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. Such deference is warranted because a "sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant" than the appellate court. *Id.* at 51–52.

4

The district court explained its decision to impose an above-Guidelines sentence with reference to "the context in which [Lockhart's] crimes were committed," including Lockhart's "participation with an exceptionally violent street gang" and his conduct in "fashioning a weapon" while in custody awaiting sentencing after he pled guilty. App'x 135–36. We see no abuse of discretion in the district court's sentencing decision.

Lockhart next argues that the district court improperly punished Lockhart for the violent conduct of alleged fellow gang members. This argument also fails. At Lockhart's sentencing hearing, the district court noted that it had considered all of the § 3553(a) factors and all of the relevant information about Lockhart and the offense—"the good and the bad." App'x 131. In relevant part, the district court acknowledged that there were no findings that Lockhart was "involved in any particular acts of violence," but it concluded that the Guidelines range did not "account for in any fashion [Lockhart's] participation with the gang of O.N.E. and the violence and the carnage that was wrought by that gang for a period of time." App'x 133.

So here, the district court didn't sentence Lockhart based on the misconduct of *others*, as he contends. Rather, as she explained, she based her upward variance

5

on Lockhart's *own* conduct and participation with O.N.E., including egging on fellow gang members to "amplify the mission of O.N.E.," App'x 134, being "part and parcel of the communications, not just about guns and drugs, but about violence against other gangs," App'x 133, fashioning a knife out of a toothbrush while in custody, and staying at a home that "served as an armory of sorts for the gang and a factory for the distribution of narcotics," App'x 136. The district court's reasons were amply supported by uncontradicted factual findings in the Presentence Report.

"The particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge." *Broxmeyer*, 699 F.3d at 289. Taking into account "the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of [the] district court[]," *Cavera*, 550 F.3d at 190, we conclude that the district court's determination was "located within the range of permissible decisions," *id.* at 191.

* * *

For the foregoing reasons, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court